```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 08-21084-Civ-LENARD
                           MAGISTRATE JUDGE P. A. WHITE
CLIFFORD BROWN,            :

     Petitioner,           :

v.                         :      REPORT OF
                                  MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

     Respondent.           :
_____
```

On April 10, 2008, while confined at the Federal Correction Institution, in Miami, Florida, the petitioner, Clifford Brown, filed a "Request for an Order of Judicial Recommendation Pursuant to 18 U.S.C. §3621(c) and Bureau of Prisons Policy Statement 7310.04," which in legal effect was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43 in which the petitioner challenges the execution of his sentence by the Bureau of Prisons ("BOP"). The petitioner seeks relief in the form of an Order from this court compelling the BOP to consider the factors set forth in 18 U.S.C. §3621(b) in considering his eligibility for transfer to community confinement. This Court has reviewed the petition, and the government's response.

In response to this court's order to show cause, the government first argues that the claim raised herein is unexhausted. It is well settled that federal prisoners are generally required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004).[1]

---

[1] In Skinner, the Eleventh Circuit held that exhaustion of administrative remedies was a prerequisite to seeking a writ of habeas corpus under §2241. Skinner, supra at 1295.

The BOP has established a three-step administrative remedy program[2] for all confinement issues, and "[a]n inmate has not fully exhausted his administrative remedies until he has appealed through all three levels. Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994)(discussing 28 C.F.R. §542.10, *et seq*.).

The exhaustion doctrine promotes a number of goals, including the following: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy; and (4) avoiding the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Alexander v. Hawk, 159 F.3d 1321, 1327 (11 Cir. 1998)(citation omitted). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir.1996).

In this case, review of the petition and the government's response thereto with exhibit reveals that the petitioner has not exhausted his administrative because the petitioner has not attempted to resolve the issue with the institutional staff by informal resolution and then filing an appeal therefrom prior to

---

[2]An administrative remedy procedure for federal prisoners to review an issue which relates to any aspect of their confinement is provided at 28 C.F.R. §542.10-542.16. It is a three-level process. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. §542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to the institution staff member designated to receive such Requests, such as the Warden, within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. §542.14. If dissatisfied with the response, the inmate can appeal, using form BP-10, to the Regional Director within 20 days of the date the Warden signed the response. 28 C.F.R. §542.15(a). The inmate can further appeal within 30 days, using form BP-11, to the General Counsel in the Bureau of Prisons Central Office. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. See 28 C.F.R. §542.10.

seeking federal habeas relief. Under these circumstances, the petitioner has not exhausted his administrative remedies, and therefore, this court lacks jurisdiction to consider this petition. Moreover, even if the court had jurisdiction, it appears that the petitioner is not entitled to relief on the claim.

Alternatively, the respondent argues correctly that the instant petition is moot due the enactment of the Second Chance Act of 2007, Pub.L. No. 110-199 on April 9, 2008, and subsequent changes to the BOP's policies and procedures related to the issues raised herein. (Cv-DE#10).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." Am. Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (per curiam) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)). Federal Rules Civil Procedure 12(h)(3) requires the federal courts to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

RRC assignments are governed by 18 U.S.C. §3624(c)(1), which

provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Through the Second Chance Act which became effective April 9, 2008, Congress amended 18 U.S.C. §3624(c)(1) so as to increase the maximum time for pre-release CCC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." Santos v. Berkebile, No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n. 3 (N.D. Tex. 2008) (accepting findings of Mag. J.); See Montes v. Sanders, 2008 WL 2844494 (C.D. Cal. 2008); see also, Miller v. Whitehead, 527 F.3d 752, 2008 WL 2220430 (8th Cir. 2008). As amended, §3624(c) now includes a subsection (6), which provides:

> (6) Issuance of regulations.-The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-
>
>   (A) conducted in a matter consistent with section 3621(b) of this title;
>
>   (B) determined on an individual basis; and
>
>   (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

4

18 U.S.C. §3624(c)(1).

<u>Whitehead</u> like <u>Montes</u> suggests that the BOP has, perhaps, provided some interim "guidance" to federal prison authorities, pending the issuance of the formal regulations mandated by §3624(c)(6). The statute itself, however, clearly indicates, on its face, that the BOP is to determine "on an individual basis" how much time each federal prisoner should spend in an RRC. The statute sets a maximum amount of time that a prisoner can spend at an RRC, (not more than twelve months), but the statute does not set any minimum amount of time that a prisoner must spend in an RRC.

In this case, the petitioner challenges the regulations and a program statement (28 C.F.R. §§570.20, 570.21 and P.S. 7310.04) that have been effectively erased by the Second Chance Act. Since the enactment of the Second Chance Act, it appears that the BOP no longer follows the 2005 regulations or the relevant provisions of P.S. 7310.04. Thus, the Second Chance Act has changed the legal landscape in such a manner as to render moot petitioner's challenges to sections 570.20 and 570.21 and P.S. 7310.04.

Furthermore, this habeas petition is also moot for a separate reason. Review of the record reveals that petitioner has been reviewed for placement under 18 U.S.C. §3624(c)(2008), and is currently awaiting a final designation decision.[3] (DE#10:5,n.4; Ex.1). Thus, because he has already been granted the relief sought, to-wit, consideration for CCC placement, the petition is now moot. To the extent he seeks an order from the court directing that he be granted six months halfway house placement, that is simply not a

---

[3] It appears the petitioner's "unit team" has processed the RRC recommendation packet, the Warden signed it, and it has been forwarded to the Community Corrections Manager's office who in turn determines the RRC placement. (DE#10:Ex.A).

relief that this court is capable of granting. See Woodall v. Fed'l Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)("that the BOP may assign a prisoner to a CCC does not mean that it must").

Under the circumstances presented here, it is therefore recommended that this petition for writ of habeas corpus be dismissed for failure to exhaust his administrative remedies, and alternatively, that it be dismissed, as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 20th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Clifford Brown, Pro Se
     Reg. No. 69750-004
     F.C.I.-Miami
     P.O. Box 779800
     Miami, FL 33177

     Anthony Pogorzelski, AUSA
     U.S. Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132